(45 Misc. Rep. 286.)

DELANEY v. KELLY.

(Supreme Court, Trial Term, New York County. November, 1904.)

1. MUTUAL BENEFIT ASSOCIATION — BY-LAWS—CONSTRUCTION — DEFAULT OF MEMBER.

The by-laws of a mutual benefit association provided that any member failing to pay any regular monthly assessment and dues before the time prescribed therefor should stand disconnected from the association and all the benefits thereof. Other by-laws provided that any member of the association disconnected for nonpayment of dues could be reinstated within 30 days by payment of the same, and that an applicant for reinstatement, who was disconnected 30 days, must within 90 days furnish a complete medical examination, to be approved by the chief medical examiner, and pay all assessments and dues before he could be reinstated. Held, that actual disconnection of membership did not take place on failure to pay the dues and assessments when due, but at the end of 30 days' grace given the member to pay arrears.

2. SAME—DEATH PENDING DEFAULT.

Where a member of a mutual benefit association died in default on his dues and assessments, but within the 30 days of grace given by the

association for a payment of arrears, the association was liable for the full amount of the certificate, less any claims against the deceased member in favor of the association.

3. SAME—ACTION ON CERTIFICATE.

Where a benefit certificate is issued in the name of an association which is a separate and independent entity distinct from the parent society, it is the proper party defendant to sue on a certificate issued by it, though the creation of the benefit association emanated from the national association, and its affairs were to a certain extent controlled by the national association.

Action by Mary J. Delaney against Charles P. Kelly, president of the United States Letter Carriers' Mutual Benefit Association. Judgment for plaintiff.

F. H. Smiley, for plaintiff.
Chas. W. Dayton, for defendant.

GREENBAUM, J. The admitted facts are that on or about October 9, 1903, the United States Letter Carriers' Mutual Benefit Association duly issued to plaintiff's husband, Andrew J. Delaney, a benefit certificate in which it agreed to pay the plaintiff, as beneficiary, a sum not exceeding $3,000 out of assessments levied upon its members; that said Andrew J. Delaney died on November 17, 1903, and that at the time of his death he had failed to pay an assessment of $2.25 and 6 cents monthly dues, which were payable under the rules of the association, and also failed to pay an extra assessment of $2.25, which became due on November 15, 1903, under the said certificate. It was also admitted that a tender of said unpaid assessments was on March 11, 1904, before the commencement of this action, duly made, and acceptance thereof refused.

The rights of the parties depend upon the construction of the general laws of the defendant association applicable to the situation here disclosed. Law 6, § 9, of said laws reads:

"Sec. 9. Any member failing to pay to the collector of his branch any regular monthly assessment and dues or extra assessments on or before the time prescribed for such payment, shall ipso facto stand disconnected from the United States Letter Carriers' Mutual Benefit Association and all benefits therefrom without sentence by the branch."

Law 7, §§ 1 and 2, provide as follows:

"Sec. 1. Any member of the United States Letter Carriers' Mutual Benefit Association disconnected for non-payment of assessments and dues can be reinstated within thirty days from date of disconnection by paying to the collector all assessments, dues and fines which were or would have been charged against him at date of or during the period of his connection.

"Sec. 2. An applicant for reinstatement, who was disconnected thirty days or more previous to making application for reinstatement must within ninety days furnish at his own expense a complete medical examination on the form furnished by the board of trustees for reinstatement, which must be approved by the chief medical examiner, and pay to the collector of his branch all assessments, dues and fines that were unpaid at the date of disconnection, or may be charged against him during his disconnection, ere he can be reinstated."

In other words, notwithstanding it is written that the failure to pay upon due days shall ipso facto operate as a disconnection of membership in the association, it is plain that this apparently radical result is

completely nullified by an actual payment at any time within 30 days thereafter. It is to be observed that the reinstatement is not a favor; nor dependent upon the action of the association or any officer. The payment of arrears within 30 days operates ipso facto as a reinstatement. It is otherwise when 30 or more days have elapsed. The emphatic language used in section 9 may have been designed to be impressive upon members and as a warning against delinquency, but its apparently drastic provisions are completely destroyed by the reinstatement clause. The effect of both sections, which must be read together, seems clearly to be that actual, effective disconnection of membership does not take place upon failure to pay dues and assessments on due dates, but upon the expiration of a period of 30 days' grace which is given the member for the purpose of paying his arrears. This conclusion seems to me to be in entire accord with the reasoning in Dennis v. Massachusetts B. Ass'n, 120 N. Y. 496, 24 N. E. 843, 9 L. R. A. 189, 17 Am. St. Rep. 660. As Andrew J. Delaney died within the 30 days after the dues and assessments became payable, it follows that he was a member in good standing at the time of his death, and that the plaintiff, as beneficiary, is entitled to all the benefits accruing under the certificate. I do not consider the omission on the part of the beneficiary to pay the arrears within the prescribed 30 days in any way impairs her rights. If her husband was a member in good standing at the time of his death, the association became obligated to pay the full amount due under the certificate, less any claims against the deceased member that might then exist in its favor.

As to the defense that the National Association of Letter Carriers is the proper defendant, it is sufficient to say that the benefit certificate is issued by and in the name of the "United States Letter Carriers' Mutual Benefit Association," which is a separate and independent entity, distinct from the parent society. True, the creation and scheme of the benefit association emanate from the national association, and the affairs of the benefit association are to some extent controlled by the national association; but the constitution and by-laws of the latter body make it clear that it was not designed to constitute the benefit association as an agent of the national association, but, on the contrary, it was intended to establish an independent association for the benefit of such members of the parent organization who chose to avail themselves of the benefits of insurance, and to give the association full and absolute control of the funds and management of its affairs, subject only to certain reserved powers of supervision and control on the part of the national association.

Judgment for plaintiff.